# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION FOR ACCESS TO CERTAIN SEALED WARRANT MATERIALS | No. 19-mc-44 (BAH)<br><br>Chief Judge Beryl A. Howell |

## MEMORANDUM OPINION AND ORDER

The Associated Press, Cable News Network, Inc., The New York Times Company, POLITICO LLC, and WP Co., LLC, d/b/a the Washington Post (collectively, the "Media Coalition") request an order unsealing "warrants, applications, supporting affidavits, and returns relating to all search, seizure or Stored Communications Act warrants" ("Warrant Materials") filed in this Court relevant to the prosecution of Michael D. Cohen, the former personal attorney for President Donald Trump. *See* Media Coalition's Mot. for Public Access to Certain Sealed Warrant Materials ("Media Coalition's Mot.") at 1, ECF No. 1; Mem. Supp. Media Coalition's Mot. ("Media Coalition's Mem.") at 1, ECF No. 1-1. The government "does not oppose the [Media Coalition's] request for unsealing of the warrants, subject to those redactions necessary to protect ongoing law enforcement matters and respect privacy concerns." Gov't's Resp. to Media Coalition's Mot. ("Gov't's Resp.") at 2, ECF No. 7. For his part, Cohen has interposed no objection. For the reasons set out below, the Media Coalition's Motion is granted.

## I. BACKGROUND

Different warrant records, which were filed in the U.S. District Court for the Southern District of New York and related to Cohen's prosecution, were unsealed earlier this year by that court. *See generally United States v. Cohen*, 366 F. Supp. 3d 612 (S.D.N.Y. 2019); Order, *United States v. Cohen*, No. 18-cr-602 (S.D.N.Y. Mar. 18, 2019), ECF No. 42 ("*Cohen* Order"). Those records refer to some of the Warrant Materials sought by the Media Coalition here. *See*

Media Coalition's Mem. at 3–4. Specifically, between July and November 2017, the Special Counsel's Office of the U.S. Department of Justice ("SCO") obtained five search warrants, pursuant to 18 U.S.C. §§ 2703(a), (b), and (c), in this Court, for emails and other content information associated with various email accounts used by Cohen, in connection with the SCO's investigation of Russian interference into the 2016 Presidential election.

The SCO subsequently referred aspects of its investigation of Cohen to the U.S. Attorney's Office for the Southern District of New York. Gov't's Resp. at 2. The U.S. Attorney's Office for the Southern District of New York then sought and obtained additional search warrants related to Cohen, and, pursuant to those warrants, on April 9, 2018, the Federal Bureau of Investigation "executed searches of Cohen's residence, hotel room, office, safe deposit box, cell phones, and electronic communications." *Cohen*, 366 F. Supp. 3d at 618.

A few months later, on August 21, 2018, Cohen pled guilty in the U.S. District Court for the S.D.N.Y. to "five counts of tax evasion based on his failure to report over $ 4 million in taxable income to the Internal Revenue Service, one count of making false statements to financial institutions to obtain a $ 500,000 home equity line of credit, and two counts of campaign finance violations based on his involvement with hush payments to women who threatened to disclose details of their extra-marital affairs with a candidate for federal office." *Id.* Separately, on November 29, 2018, Cohen pled guilty in the same court to "one count of making false statements to the Senate Select Committee on Intelligence and the House Permanent Select Committee on Intelligence." *Id.* at 618 n.1.

After Cohen's guilty pleas, a group of media organizations, some of which have joined the instant motion, successfully sought in the S.D.N.Y. the unsealing of warrant materials filed in that district, relating to the FBI's April 9, 2018 searches. *Id.* at 618. Those warrant materials

2

were unsealed with redactions necessary to protect (1) the government's ongoing investigation "pertaining to or arising from Cohen's campaign finance crimes," *id*. at 623; (2) "the names of the special agents who signed the search warrant applications and submitted supporting affidavits," *id*.; (3) "the paragraphs of the search warrant affidavits describing the agents' experience or law enforcement techniques and procedures," *id*.; (4) "the privacy interests of uncharged third parties," who may "be stigmatized from sensationalized and potentially out-of-context insinuations of wrongdoing," without the ability "to clear their names at trial," *id.* at 625 (internal quotation marks and citation omitted); and (5) "the email addresses of Michael Cohen and others, as well as Cohen's phone numbers, apartment number, and safety deposit box number," *Cohen* Order at 1.

The documents unsealed in the S.D.N.Y. referred to four of the five prior warrants approved by this Court, docketed, under seal, at 17-mj-503, 17-mj-570, 17-mj-854, and 17-mj-855, *see* Media Coalition's Mem. at 3–4, which warrants were sought by the SCO as part of its investigation into Russia's attempts to influence the 2016 Presidential election. Thus, the Media Coalition now seeks, pursuant to Local Criminal Rule 57.6, an order unsealing the Warrant Materials, which include the four warrants referenced in the unsealed S.D.N.Y. documents and "any other warrants issued in this District related to the Cohen prosecution that remain publicly unknown." Media Coalition's Mem. at 8.

As noted, the government "does not oppose" the Media Coalition's request for unsealing, but "requests that the Court authorize redactions consistent with those authorized . . . in the SDNY litigation." Gov't's Resp. at 4. The Media Coalition concurs in these redactions. *See* Media Coalition's Reply at 1, ECF No. 8 ("All that remains for the Court, then, is to determine which, if any, redactions to the Warrant Materials are both narrowly tailored and necessary to

protect the Government's asserted compelling interests in protecting the integrity of ongoing investigations and shielding the identities of certain uncharged third parties."); *id.* at 3 ("[T]his Court should independently review the Government's proposed redactions and determine which, if any, are absolutely necessary to serve the interests asserted, as other courts presented with these issues have done." (citing *Cohen*, 366 F. Supp. 3d at 624)).

Although Cohen was served with the Media Coalition's Motion and given time to respond, Cohen has neither appeared in this action nor otherwise objected to the requested unsealing. *See* Media Coalition's Certificate of Service at 2, ECF No. 1-2; Min. Order (Apr. 3, 2019) (providing deadline for Michael Cohen's counsel to respond to the Media Coalition's Motion). The Media Coalition's Motion is now ripe for resolution.

## II.    DISCUSSION

The Media Coalition asks for two forms of relief: (1) disclosure of the Warrant Materials to the public, pursuant to the common law right of access, following *in camera* review and approval of the government's proposed redactions; and (2) a "sunlight date," at which time the Warrant Materials will become fully public, absent a showing by the government or another interested party that the Warrant Materials should continue to be redacted. *See* Media Coalition's Mem. at 14–15; Media Coalition's Reply at 1, 4. The government agrees to both forms of relief, discussed in turn below. *See* Gov't's Resp. at 3.

First, the Media Coalition requests unsealing of the Warrant Materials after *in camera* review of the government's proposed redactions. The Media Coalition initially sought wholesale disclosure of the Warrant Materials and suggested, in the alternative, targeted redactions to protect any competing interests. *See* Media Coalition's Mem. at 13–14 ("[I]t is difficult to conceive of circumstances that would be sufficient to overcome the public interest in release of

4

the Warrant Materials."). In response, the government proposed to make redactions, consistent with those permitted in the S.D.N.Y., to "protect ongoing law enforcement matters and respect privacy concerns." Gov't's Resp. at 3. The government explained that even though the instant motion concerns different Warrant Materials, relating to search warrants obtained in this District by the SCO before the investigation was referred to the S.D.N.Y, "the issues presented" here and in the S.D.N.Y. litigation are "substantially similar, including the law enforcement interests implicated by unsealing of certain portions of the Warrant Materials." *Id.* at 2.

In view of the government's proposal, the Media Coalition narrowed its initially broad request for wholesale unsealing and agreed to the subject matter of the government's proposed redactions, while requesting that the Court independently review the redactions to ensure they are necessary. *See* Media Coalition's Reply at 1 ("The Media Coalition respectfully requests that this Court undertake an independent review of the Government's proposed redactions to ensure that the maximum amount of information about this consequential matter is provided to the public."). Thus, the government submitted for *in camera* review proposed redactions "consistent with those authorized . . . in the similar" S.D.N.Y. litigation. Gov't's *Ex Parte* and Under Seal Submission at 1, ECF No. 10 (sealed); *see also* Min. Order (May 20, 2019) (ordering government to provide proposed redactions believed necessary under seal for *in camera* review).

Upon consideration of the government's *in camera* submission, release of the Warrant Materials with the government's proposed redactions is justified under the common law right of access to judicial records. Indeed, a "common law presumption of access" attaches to "SCA orders and related materials." *Matter of Leopold to Unseal Certain Elec. Surveillance Applications & Orders*, 300 F. Supp. 3d 61, 92 (D.D.C. 2018) (citing *United States v. Appelbaum (In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D))*, 707 F.3d 283, 291

(4th Cir. 2013)).[1]  The government may rebut this presumption, however, "by showing 'competing interests' that compel a 'conclu[sion] that justice [ ] requires' maintaining a seal." *Id.* (quoting *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017)).

Here, the government's proposed redactions are consistent with those authorized by the S.D.N.Y., protective of the competing interests in the government's ongoing investigation and third-party privacy interests.  These competing interests are strong enough to counterbalance the public's common law right of access to the Warrant Materials.  *See United States v. Hubbard*, 650 F.2d 293, 315–16 & n.84 (D.C. Cir. 1980) (explaining that "the tradition of access is not without its time-honored exceptions," and noting, for example, that "affidavits submitted in support of search warrants are sometimes sealed to protect the secrecy of an ongoing criminal investigation"); *see also Metlife, Inc.*, 865 F.3d at 665 (stating that the presumption of public access "may be outweighed in certain cases by competing interests," such as "privacy interests asserted").  Accordingly, the government shall file, by May 22, 2019, the redacted versions of the Warrant Materials on the docket of this Miscellaneous action.

Second, the Media Coalition requests a "sunlight date" three months from the date of this Memorandum and Order, at which time sealed portions of the Warrant Materials will become public, "absent a showing by the Government or another interested party that continued sealing is justified."  Media Coalition's Mem. at 19.  The government "has no objection" to submitting a status report on the need for continued sealing on "whatever" date "the Court deems

---

[1]     As an alternative to the common law right of access, the Media Coalition requests unsealing under the First Amendment right of access. *See* Media Coalition's Mot. at 1.  Since the parties' requested relief is granted under the common law right of access, discussion of the Media Coalition's First Amendment argument is unnecessary.

appropriate." Gov't's Resp. at 4. As a result, the government shall submit, by August 22, 2019, a status report explaining any need for continued sealing of any portion of the Warrant Materials.

## III.   CONCLUSION AND ORDER

Upon consideration of the Media Coalition's Motion, ECF No. 1, the related legal memoranda in support and opposition, the exhibits attached thereto, and the entire record herein, for the reasons set out in this Memorandum Opinion and Order, it is hereby

**ORDERED** that the government shall file, by May 22, 2019, redacted versions of the Warrant Materials on the docket of this Miscellaneous action; and it is further

**ORDERED** that the government shall submit, by August 22, 2019, a status report explaining any need for continued sealing of any portion of the Warrant Materials, and if any intervening event obviates the need for continued redaction, the government shall advise the Court forthwith.

**SO ORDERED.**

Date: May 21, 2019

---

BERYL A. HOWELL
Chief Judge